**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:23-CV-23763-MARTINEZ/BECERRA**

ELISABET PRINCIPE, for herself and others
similarly situated,

           Plaintiff,

   v.

NOMI HEALTH, INC.; SBP STAFFING
AND RECRUITING LLC; SB PORT
VENTURES LLC; and TRIXIE BELO-
OSAGIE,

           Defendants.

## DEFENDANT NOMI HEALTH, INC.'S ANSWER TO PLAINTIFF'S AMENDED COLLECTIVE ACTION COMPLAINT

Defendant Nomi Health, Inc. ("Nomi"), by and through its undersigned counsel, hereby files its Answer to Plaintiff's Amended (Collective Action) Complaint (Dkt. 14). No incidental or implied admissions should be inferred from Defendant's responses. To the extent the allegations within the Amended Complaint are not expressly admitted below, they are hereby denied.

### Overview

**COMPLAINT ¶1:**

Plaintiff brings this Amended Complaint for herself and other similarly situated employees who were entitled to receive overtime wages while working for Defendants in Florida.

**ANSWER:**

Nomi denies the allegations in Paragraph 1.

**COMPLAINT ¶2:**

Plaintiff asserts the following four (4) claims for herself and others similarly situated to obtain legal recourse for Defendants' systematic failure to pay overtime wages:

Count I:      A proposed "opt-in" collective action for the recovery of the overtime wages that Defendant, Nomi Health, Inc. improperly failed to pay pursuant to 29 U.S.C. §216(b);

Count II:     A proposed "opt-in" collective action for the recovery of the overtime wages that Defendant, SBP Staffing and Recruiting, Inc., LLC, improperly failed to pay pursuant to 29 U.S.C. §216(b);

Count III:    A proposed "opt-in" collective action for the recovery of the overtime wages that Defendant, SB Port Ventures, LLC, improperly failed to pay pursuant to 29 U.S.C. §216(b); and

Count IV:     A proposed "opt-in" collective action for the recovery of the overtime wages that Defendant, Trixie Belo-Osagie, improperly failed to pay pursuant to 29 U.S.C. §216(b).

**ANSWER:**

Nomi denies the allegations listed in Paragraph 2.

**COMPLAINT ¶3:**

Plaintiff bring [sic] her FLSA overtime wage claims as a proposed "opt-in" collective action under 29 U.S.C. §216(b) and seeks to recover unpaid overtime wages (half-time), liquidated damages, declaratory relief, and reasonable attorneys' fees and costs on behalf of herself and all other similarly situated persons who worked for Defendants within the three (3) years before the filing of this action and who eventually opt into the case.

**ANSWER:**

Nomi denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Plaintiff also knows of (and the undersigned counsel also currently represents) other similarly situated persons who have and/or who are interested in opting into the collective class being proposed by this action with the Court supervising the process.

**ANSWER:**

Nomi denies the allegations in Paragraph 4.

**Parties**

**COMPLAINT ¶5:**

Plaintiff, Elisabet Principe, and the others similarly situated are sui juris adults who worked or who work for Defendants in Miami-Dade and Broward Counties to carry out Defendants'

2

performance of testing and vaccinations for COVID-19 during the three (3) years before the filing of the Complaint and up through the rendition of a judgment in this matter.

**ANSWER:**

Nomi denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Plaintiff is a Registered Nurse ("RN") worked for the Defendants to provide care within the confines of her abilities to clients/patients of Nomi Health, Inc., in connection with the COVID-19 testing and vaccinations as directed by Defendants.

**ANSWER:**

Nomi states that it is without information sufficient to admit or deny whether Plaintiff is currently a Registered Nurse. Nomi denies the remaining allegations in Paragraph 6.

**COMPLAINT ¶7:**

Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

**ANSWER:**

Nomi denies the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Plaintiff was a non-exempt employee of the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 8.

**COMPLAINT ¶9:**

Defendants are believed to have records identifying the days on which they employed Plaintiff and the other similarly situated persons who provided COVID-19 testing and vaccination services, including those who are registered nurses, licensed practical nurses, and paramedics.

**ANSWER:**

Nomi is without information sufficient to admit or deny what Plaintiff "believe[s]," and therefore denies the same. Nomi denies the remaining allegations in Paragraph 9.

**COMPLAINT ¶10:**

Defendant, NoMi [sic] Health, Inc. ("Nomi"), is a foreign for-profit corporation authorized to conduct its business in Florida and is sui juris. Nomi conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

**ANSWER:**

Nomi admits that it is a foreign for-profit corporation authorized to conduct business in Florida. Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 10 for that reason. Nomi denies any remaining allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendant, SBP Staffing and Recruiting LLC ("SBP Staffing"), is a Florida limited liability company authorized to conduct its business in Florida and is sui juris. Defendant has conducted its medical staffing service business in this District, at all times material.

**ANSWER:**

Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 11 for that reason. Nomi states that it is without information sufficient to admit or deny the remaining allegations in Paragraph 11, and therefore denies the same.

**COMPLAINT ¶12:**

Defendant, SB Port Ventures LLC ("SBP"), is a Florida limited liability company authorized to conduct its business in Florida and is sui juris. Defendant has conducted its medical staffing service business in this District, at all times material.

**ANSWER:**

Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 12 for that reason. Nomi states that it is without information sufficient to admit or deny the remaining allegations in Paragraph 12, and therefore denies the same.

**COMPLAINT ¶13:**

Defendant, Trixie Belo-Osagie, was at all times material an owner/officer/director/manager of SBP Stafing [sic] and SBP, for the time period relevant to this lawsuit. She ran their day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages and the wages of others similarly situated.

**ANSWER:**

Nomi states that the phrases "at all times material" and "the time period relevant" are vague, ambiguous, and unintelligible, and denies the first sentence of Paragraph 13 for that reason. Nomi states that it is without information sufficient to admit or deny the remaining allegations in Paragraph 13, and therefore denies the same.

**COMPLAINT ¶14:**

Defendants were the direct employers, joint employers, and co-employers of Plaintiff, as the term "employer" is defined by 29 U.S.C. §203 (d).

**ANSWER:**

Nomi denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Defendants also were the "employers" of the other similarly situated employees who worked for Defendants in Florida.

**ANSWER:**

Nomi denies the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], would conduct and/or coordinate the training sessions that Plaintiff and the others similarly situated were required to attend.

**ANSWER:**

Nomi denies the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], would conduct and/or coordinate schedules Plaintiff and the others similarly situated were required to work by instructing them on when and where to work and the job duties they expected each to perform.

**ANSWER:**

Nomi denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Defendants maintained the control, oversight, and direction over Plaintiff and the others similarly [sic], including the ability to hire, fire, and discipline them.

**ANSWER:**

Nomi denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendants, SBP Staffing and SBP, issued payments for the hours Plaintiff and the others similarly situated performed.

**ANSWER:**

Nomi states that the phrases "issued payments" and "for the hours . . . performed" are vague, ambiguous, and unintelligible as stated, and thus denies the corresponding allegations in Paragraph 19. Nomi denies all other allegations in Paragraph 19.

**COMPLAINT ¶20:**

Defendants, SBP Staffing and SBP, would then bill Nomi for the hours Plaintiff and the others similarly situated performed, which at the beginning included the payment of overtime hours.

**ANSWER:**

Nomi states that the phrases "for the hours . . . performed" and "at the beginning" are vague, ambiguous, and unintelligible as stated, and denies the corresponding portion of Paragraph 20 for that reason. Nomi denies all other allegations in Paragraph 20.

**COMPLAINT ¶21:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], established the policies and procedures that Plaintiff and the others similarly situated were to follow in their work.

**ANSWER:**

Nomi denies the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Defendants jointly employed Plaintiff and the others similarly situated within the meaning of 29 C.F.R. §791.2, as they shared a common workforce with a common purpose and utilized a unified nucleus of control and are therefore jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff and the others similarly situated.

**ANSWER:**

Nomi denies the allegations in Paragraph 22.

**Jurisdiction and Venue**

**COMPLAINT ¶23:**

Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

**ANSWER:**

Nomi denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Defendant, Nomi, is a foreign corporation that engaged in interstate commerce by contracting with different private and governmental entities to provide COVID testing and vaccination services for locations in different states, including Florida.

**ANSWER:**

Nomi states that Paragraph 24 constitutes a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶25:**

Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, different State entities, and/or the United States government.

**ANSWER:**

Nomi denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printer and copier toner, and other materials and supplies that traveled in interstate commerce to engage in interstate commerce.

**ANSWER:**

Nomi denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Defendants' annual gross revenues from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each relevant fiscal quarter.

**ANSWER:**

Nomi states that the terms "the relevant time" and "relevant fiscal quarter" are vague, ambiguous, and unintelligible as stated, and denies the corresponding portion of Paragraph 27 for that reason. Nomi is without information sufficient to admit or deny what Plaintiff "believe[s]," and therefore denies any remaining allegation in Paragraph 27.

**COMPLAINT ¶28:**

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

**ANSWER:**

Nomi denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

This Court has original jurisdiction over Plaintiff's federal question claims under U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

**ANSWER:**

Nomi states that Paragraph 29 constitutes a legal conclusion, to which no response is required.

### Factual Allegations

**COMPLAINT ¶30:**

Defendants provided COVID-19 testing and vaccination at various sites throughout Florida using a workforce comprised almost entirely of independent contractors on which they relied to carry out the duties they contractually obligated themselves to undertake in Florida for various state, municipal, and local governmental entities.

**ANSWER:**

Nomi denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Plaintiff worked for the Defendants from approximately August 2021 to August 25, 2022.

**ANSWER:**

Nomi denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

The others similarly situated also worked under persons employed by the Defendants, who coordinated their schedules, controlled their work (including where, when, and how it was to be performed), and were likewise economically and financially dependent on the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Plaintiff and the others similarly situated utilized the testing materials, vaccines, syringes, swabs, materials, tents, software, materials and supplies provided to her by the Defendants at the locations, dates, and times designed by Defendants to perform the work that Defendants instructed her to perform and which they supervised and directed her to perform.

**ANSWER:**

Nomi denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

Plaintiff and the others similarly situated were required to show up for work, and the Defendants would provide them with the patients, the testing materials, the vaccines, the paperwork, and nearly everything they needed to perform their work.

**ANSWER:**

Nomi states that the term "nearly everything they needed" is vague, ambiguous, and

unintelligible as stated, and denies the corresponding portion of Paragraph 34 for that reason. Nomi

denies the remaining allegations in Paragraph 34.

### Collective Action Allegations

**COMPLAINT ¶35:**

During the past three years, Defendants employed more than 25 other similarly situated registered nurses, licensed practical nurses, paramedics, and medical assistants in Florida.

**ANSWER:**

Nomi denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

The FLSA specifically provides for a cause of action against each employer who violates the provisions of 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis:

Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated.

**ANSWER:**

Nomi states that Paragraph 36 constitutes a legal conclusion, to which no response is

required, and therefore denies the same.

**COMPLAINT ¶37:**

Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all other similarly situated individuals who are part of the following:

All persons who worked, were employed by, or engaged as to perform COVID-19 testing or vaccinations by Nomi Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi [sic], in Florida any time during the three (3) years prior to the filing of the initial Complaint and up through the rendition of a judgment in this matter.

**ANSWER:**

Nomi denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

These individuals identified in paragraph 38 are referred to as the "Collective."

**ANSWER:**

Nomi states that Paragraph 38 is vague, ambiguous, and unintelligible, insofar as there are

no individuals "identified in paragraph 38," and denies Paragraph 38 for that reason.

**COMPLAINT ¶39:**

The purported Collective includes the persons who were paid hourly to provide COVID-19 testing and vaccination services such as registered nurses, licensed practical nurses, paramedics, and medical assistants who worked for Defendants during the past three years, who were paid on an hourly basis, and who earned or were entitled to receive overtime wages but were not paid at time and one-half their regular hourly rate(s) of pay, and who were subject to the same pay practices as Plaintiff.

**ANSWER:**

Nomi denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Plaintiff performed the same type of work under the same procedures, rules, and regulations, as Defendants' other similarly registered nurses, licensed practical nurses, paramedics, and medical assistants in Florida.

**ANSWER:**

Nomi denies the allegations in Paragraph 40.

11

**COMPLAINT ¶41:**

The Collective of similarly situated workers who may become plaintiffs in this action are current and formerly employed registered nurses, licensed practical nurses, paramedics, and medical assistants who worked for Defendants and who were not paid all the overtime that they earned.

**ANSWER:**

Nomi denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

The Collective of similarly situated registered nurses, licensed practical nurses, paramedics, and medical assistants of Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

**ANSWER:**

Nomi denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

The similarly situated workers are known to Defendant and can be located through Defendants' records.

**ANSWER:**

Nomi denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

**ANSWER:**

Nomi denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Collective Action treatment of the Plaintiff's FLSA overtime wage claims is appropriate because they and the Collective were subjected to the common business practices referenced in this Count, and the success of their FLSA claims depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failure to properly pay overtime wages that the Collective earned and were entitled to receive, but which the Defendants failed to pay.

**ANSWER:**

Nomi denies the allegations in Paragraph 45.

**Liability Allegations**

**COMPLAINT ¶46:**

Defendants assigned Plaintiff and the others similarly situated the work they were to perform, including where, when, and the hours each was to perform the work.

**ANSWER:**

Nomi denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

If Plaintiff or the others similarly situated were running late, each was required to inform the "site lead" or other supervisory personnel who worked for the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 47.

**COMPLAINT ¶48:**

Defendants required Plaintiff and the others similarly situated o [sic] attend training sessions, identifying where and when each was to attend them, provided the information and materials on which they would train each person, and Defendants maintained records of who attended which training and when.

**ANSWER:**

Nomi denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

Plaintiff and the others similarly situated regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Defendants required Plaintiff and the others similarly situated to log in and out of work through online time-tracking applications.

**ANSWER:**

Nomi denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

**ANSWER:**

Nomi states that Paragraph 51 is vague, ambiguous, and unintelligible, insofar as it fails to specific the "conditions precedent" referenced, and therefore Nomi denies the same. Nomi further expressly denies that it has waived any condition precedent.

**COMPLAINT ¶52:**

Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**ANSWER:**

Nomi is without information sufficient to admit or deny the allegations in Paragraph 52, and therefore denies the same.

### COUNT I – FLSA OVERTIME VIOLATION
### (AGAINST NOMI HEALTH, INC.)

**UNNUMBERED PARAGRAPH:**

Plaintiff, Elisabet Principe, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to all preceding paragraphs.

**COMPLAINT ¶53:**

Defendant, Nomi, failed and refused to pay Plaintiff and the others similarly situated an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the FLSA.

**ANSWER:**

Nomi admits that it did not personally pay an overtime rate directly to Plaintiff. Nomi, however, expressly denies that Plaintiff was its employee, that Nomi contracted with Plaintiff, or that Nomi had any obligation to pay Plaintiff any sums. Nomi denies all remaining allegations in Paragraph 53.

**COMPLAINT ¶54:**

Defendant, Nomi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

**ANSWER:**

Nomi denies the allegations in Paragraph 54.

**COMPLAINT ¶55:**

Defendant, Nomi, was not only previously sued in federal court for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA, it also has been sued in arbitration by over 80 other former employees. Yet, it still failed to pay Plaintiff and the others similarly situated overtime wages.

**ANSWER:**

Nomi denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Defendant Nomi either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi denies the allegations in Paragraph 57.

**COUNT II – FLSA OVERTIME VIOLATION**
**(AGAINST SBP STAFFING AND RECRUITING LLC)**

**UNNUMBERED PARAGRAPH:**

Plaintiff, Elisabet Principe, reincorporates and realleges paragraphs 1 through 52 as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to paragraphs 1 through 52.

**COMPLAINT ¶58:**

Defendant, SBP Staffing, failed and refused to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 58 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶59:**

Defendant, SBP Staffing engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

**ANSWER:**

Nomi states that Paragraph 59 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶60:**

Defendant, SBP Staffing, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff and the Collective overtime wages.

**ANSWER:**

Nomi states that Paragraph 60 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶61:**

Defendant SBP Staffing either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi states that Paragraph 61 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶62:**

Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 62 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

## COUNT III – FLSA OVERTIME VIOLATION
### (AGAINST SB PORT VENTURES LLC)

**UNNUMBERED PARAGRAPH:**

Plaintiff, Elisabet Principe, reincorporates and realleges paragraphs 1 through 52 as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to paragraphs 1 through 52.

17

**COMPLAINT ¶63:**

Defendant, SBP, failed and refused to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 63 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶64:**

Defendant, SBP engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

**ANSWER:**

Nomi states that Paragraph 64 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶65:**

Defendant, SBP, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff and the Collective overtime wages.

**ANSWER:**

Nomi states that Paragraph 65 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶66:**

Defendant, SBP either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi states that Paragraph 66 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶67:**

Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 67 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

## COUNT IV – FLSA OVERTIME VIOLATION
## (AGAINST TRIXIE BELO-OSAGIE)

**UNNUMBERED PARAGRAPH:**

Plaintiff, Elisabet Principe, reincorporates and realleges paragraphs 1 through 52 as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to paragraphs 1 through 52.

**COMPLAINT ¶68:**

Defendant, Ms. Belo-Osagi [sic], failed and refused to pay Plaintiff and the Collective an overtime rate of one and one-half times the regular hourly rate paid to each for all the overtime hours worked beyond 40 hours in a workweek as non-exempt, hourly employees in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 68 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶69:**

Defendant, Ms. Belo-Osagi [sic] engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and her other employed registered nurses, licensed practical nurses, paramedics, and medical assistants overtime wages of one and one-half times their regular

hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

**ANSWER:**

Nomi states that Paragraph 69 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶70:**

Defendant, Ms. Belo-Osagi [sic], was sued previously for failing to pay her employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff and the Collective overtime wages.

**ANSWER:**

Nomi states that Paragraph 70 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶71:**

Defendant Ms. Belo-Osagi [sic] either knew from prior experience or recklessly failed to investigate whether her failure to pay Plaintiff and the Collective overtime wages of one and one-half times the regular hourly rate(s) of pay paid to each as non-exempt hourly employees violated the FLSA and then failed to correct her violations timely.

**ANSWER:**

Nomi states that Paragraph 71 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶72:**

Plaintiff and the Collective are entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as non-exempt hourly employees, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 72 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

## PRAYER FOR RELIEF
## (ALL COUNTS)

WHEREFORE Plaintiff, Elisabet Principe, demands the entry of a judgment in her favor and in favor of the Collective and against Defendants, NoMi [sic] Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi [sic], on all counts, jointly and severally after trial by jury, and as follows:

a.   Designating this Count as a Collective Action by Elisabet Principe on behalf of the Collective she represents under the Fair Labor Standards Act, issuing notice under 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms under 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing the initial Complaint until the expiration of the deadline for filing consent to sue/join forms under 29 U.S.C. § 216(b);

b.   Designating Plaintiff as the representative for the Collective;

c.   Designating the undersigned as counsel for the Collective;

d.   Awarding Plaintiff and the Collective unpaid overtime wages (half-time) and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

e.   Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f.   Issuing an injunction prohibiting Defendants from continued unlawful practices, policies, and patterns set forth herein;

g.   Awarding pre-judgment and post-judgment interest as provided by law;

h.   Awarding reasonable attorneys' fees and costs;

i.   Declaring Defendants to be in willful violation of the overtime wage provisions of the FLSA;

j.   Declaring that the statute of limitations should be three (3) years; and

k.   Awarding such other and further relief that this Court deems appropriate.

## ANSWER:

Nomi denies any allegations in the Plaintiff's Prayer for Relief, and denies that Plaintiff is entitled to any relief from Nomi whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff, Elisabet Principe, demands a trial by jury of all issues so triable.

## ANSWER:

Nomi denies that Plaintiff has a right to a jury trial on the claims alleged.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Amended Complaint, Nomi asserts the following additional defenses. In asserting these defenses, Nomi does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's or any opt-in's burden to prove.

## FIRST DEFENSE

The claims of Plaintiff or any putative collective member who opts into the case are barred to the extent they fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims or the claims of any putative collective members who opt into the case fail as a matter of law because Nomi did not employ them, either directly or jointly, in whole or in part, with respect to the claims asserted in the Amended Complaint.

## THIRD DEFENSE

Plaintiff's claims or the claims of any putative collective members who opt into this case are barred, in whole or in part, to the extent they may fall outside of the applicable statutes of limitations.

## FOURTH DEFENSE

In the alternative, if necessary, Plaintiff's claims and requests for relief, or the claims and requests for relief of any putative collective members who opt into this case, are barred to the extent Nomi's and any other Defendant's actions with respect to such individuals were taken in good faith conformity with and in reliance on one or more administrative regulations, orders,

rulings, approvals, interpretations, and/or administrative practices or policies pursuant to 29 U.S.C. § 259.

## FIFTH DEFENSE

Nomi's actions with respect to Plaintiff or any putative collective member who opts into the case were taken in good faith with reasonable grounds to believe such conduct comported with the law. Plaintiff and any putative collective member who opts into the case are therefore not entitled to liquidated damages.

## SIXTH DEFENSE

In the alternative, if necessary, the claims of Plaintiff or any putative collective member who opts into the case are barred to the extent they received full payment for all work performed; alternatively, Nomi is entitled to an offset of any amount of relief claimed by Plaintiff or any putative collective member who opts in to the case, based on compensation previously paid by any Defendant (or any other entity) for any hours when they were not performing work, for any overpayment, for premiums paid, for any other compensation they would not have received if their allegations are proven to be true, for any settlement payments that have been or may in the future be made by any Defendant (or other individual or entity) to them, or on any other basis for such offset.

## SEVENTH DEFENSE

In the alternative, if necessary, the claims of Plaintiff or any putative collective member who opts into this case are barred to the extent the allegedly uncompensated time is *de minimis*.

## EIGHTH DEFENSE

In the alternative, if necessary, if any entity has failed to pay individuals for any of the activities alleged, the claims of Plaintiff or any putative collective member who opts into the case are barred to the extent such activities do not constitute compensable work under the FLSA.

## NINTH DEFENSE

In the alternative, if necessary, the claims of Plaintiff or any putative collective member who opts into the case are barred, in whole or in part, to the extent the time at issue represents preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 251(a), and is, therefore, not compensable.

## TENTH DEFENSE

To the extent Plaintiff or any putative collective member who opts into the case was paid for hours worked in excess of 40 hours in a week, their overtime claims are barred and Nomi is entitled to a credit relating to the same.

## ELEVENTH DEFENSE

The claims of Plaintiff or any putative collective member who opts into the case are barred by the doctrine of judicial estoppel to the extent that their claims were not properly disclosed during a bankruptcy proceeding.

## TWELFTH DEFENSE

To the extent Plaintiff or any putative collective member who opts into the case failed to properly disclose any claim in a bankruptcy proceeding, they lack standing to pursue such claim.

## THIRTEENTH DEFENSE

The claims of putative collective member who opt into this case are barred to the extent the doctrine of res judicata applies to them.

## FOURTEENTH DEFENSE

The claims of putative collective members who opt into the case are barred to the extent the doctrine of settlement and release applies to them.

### FIFTEENTH DEFENSE

The claims of any putative collective members who opt into this case are barred to the extent their claims are subject, in whole or in part, to binding arbitration agreements that Nomi is entitled to enforce.

## PRAYER

Nomi prays that Plaintiff's Amended Complaint be dismissed; that Nomi be awarded its costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and that Nomi be granted such other and further relief to which it may be entitled.

Respectfully submitted this 24th day of November 2023,

*/s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant Nomi Health, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 24, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>*/s/ Andrew M. McKinley*</u>
Andrew M. McKinley