UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23763-MARTINEZ

ELISABET PRINCIPE,

    Plaintiff,

vs.

NOMI HEALTH, INC.,
SBP STAFFING AND RECRUITING LLC,
SB PORT VENTURES LLC, AND
TRIXIE BELO-OSAGI,

    Defendants.
_____/

## DISCOVERY PLAN AND CONFERENCE REPORT

Counsel for Plaintiff, Elisabet Principe ("Plaintiff"), and for Defendants, Nomi Health, Inc. ("Nomi"), SBP Staffing and Recruiting, LLC ("SBP"), SB Port Ventures, LLC ("SB Port"), and Trixie Belo-Osagi ("Belo-Osagi") (collectively, "Defendants"), having met and conferred, submit the following Joint Discovery Plan and Conference Report pursuant to Local Rule 16.1B(2) and this Court's Order entered on October 31, 2023 [ECF No. 11], as follows:

## DISCOVERY PLAN

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The parties do not believe that any changes should be made to the form or requirement for disclosures under Rule 26(a)(1).

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

    a.    <u>Plaintiff's Subjects on Which Discovery May Be Needed.</u>

Without prejudice to her rights to seek discovery on any relevant issues, Plaintiff contemplates that she will need and seek discovery from Defendants and any relevant non-party regarding her claim for overtime wages under the FLSA for herself and others similarly situated involving the liability of each named Defendant, the claimed overtime claimed by Plaintiff for herself and others similarly situated, liquidated damages, and to address any defenses asserted by Defendants.

    b.    <u>Defendants' Subjects on Which Discovery will be Needed.</u>

Without prejudice to their right to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery from Plaintiff, any opt-in Plaintiffs, and any other relevant party or non-party regarding the bases for Plaintiff's and any opt-in Plaintiffs' claims for unpaid/underpaid overtime under the FLSA, the theories of liability and damages, the impropriety of collective action treatment for the claims asserted in this action, Defendants' defenses to each claim, and all factual, evidentiary, and legal support.

    c.    <u>Agreed Upon Methods of Discovery.</u>

The parties anticipate that the methods of future discovery may include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to non-parties; and (3) depositions.

    d.    <u>Timing And Sequence For Discovery.</u>

The parties will serve their respective written discovery requests, and take depositions, prior to the close of discovery. Plaintiff is joined in this case by three Opt-In Plaintiffs, and she expects that others similarly situated also will join in these proceedings. Plaintiff intends to seek conditional

certification of a collective action under 29 U.S.C. §216(b), which Defendants anticipate opposing. After conditional certification is granted or denied (and, if granted, after any opt-in period), the Parties anticipate conferring concerning the scope of additional discovery that may be needed in light of the number of individuals who may have joined the case as of that point. If conditional certification were to be granted, then the Parties would anticipate the need to revising the remaining pre-trial deadlines and trial dates based on any opt-in period, expanded scope of the case, and discovery related thereto.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties do not foresee any issues about disclosure of preservation of ESI, but anticipate that an ESI protocol may be necessary, depending on the development of the case, including to establish a proportionate scope of custodians and/or search terms.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

If the issue arises, the parties will attempt to address amongst themselves any issues that arise regarding the inadvertent production or disclosure of confidential, privileged, or proprietary information. Likewise, if confidential, privileged, or proprietary information or materials are the subject of discovery, the parties will attempt to address amongst themselves a proposed confidentiality or protective order before bringing the issue before the Court.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

At present, the parties do not anticipate any changes to the limitations imposed by the federal or local rules of civil procedure. However, if conditional certification is granted and/or depending on the number of additional Plaintiffs who opt into this action, Defendants may seek leave to take additional depositions of such Opt-In Plaintiffs that exceed the presumptive deposition limitations

set by the Federal Rules. The Parties anticipate conferring concerning such issues, if necessary, at the conference detailed in Section (B)(d) above.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not anticipate any orders, other than as set forth above, but will bring them to the Court's attention should such need arise.

ADDITIONAL INFORMATION REQUESTED BY THE COURT

**(1) Whether the trial will be jury or non-jury:**

The Plaintiff requested a jury trial.

**(2) An outline of the legal elements of each claim and defense raised by the pleadings (the parties are advised that this section shall not be a summary of allegations, but should be modeled on pattern substantive jury instructions applicable in this Court):**

Plaintiff, Elisabet Principe, claims that Defendants did not pay her or others similarly situated the overtime wages required by the Federal Fair Labor Standards Act (FLSA). Plaintiff needs to prove that Defendants employed her and others similarly situated, were an enterprise engaged in commerce or the production of goods for commerce, that they jointly employed her, and that they failed to pay them the overtime wages required by law. Plaintiff and the others similarly situated worked under the direction and control of the Defendants, they worked more than 40 hours a week for the Defendants and were only paid their hourly wages when they worked more than 40 hours a week because the Defendants (mis)classified and paid them as independent contractors instead of as employees. Plaintiff also needs to prove that others similarly situated to her in all relevant respects exist, seek to join this lawsuit, and would benefit from being notified of the pendency of this lawsuit and the ability to join and be bound by any decision rendered by the Court.

Without prejudice to their right to raise any arguments or defenses revealed in discovery, Defendants SBP, SB Port, and Belo-Osagie dispute that they employed Plaintiff, that they jointly employed Plaintiff with Nomi, or that Plaintiff (or others similarly situated) are entitled to overtime wages under the FLSA.

Without prejudice to its right to raise any arguments or defenses revealed in discovery, Defendant Nomi states that Plaintiff and the opt-in Plaintiffs were not its employees, either directly or jointly. Thus, those individuals have no viable claim against Nomi under the FLSA, and have no entitlement to overtime wages from Nomi. Nomi further disputes that "similarly situated" putative collective members exist, or that collective action treatment of the FLSA claims asserted in this action is appropriate. To the extent any putative collective member's claim is subject to an arbitration agreement, settlement agreement, dismissal with prejudice, nondisclosure in a bankruptcy proceeding, or a release of claims, Nomi reserves the right to compel and/or dismiss the same should such individual opt into this action. Any opt-in's claims are further barred, in whole or in part, to the extent (1) they fall outside of an applicable limitations period; (2) Nomi is able to assert a good-faith

defense to that individual's claim; (3) any allegedly uncompensated time claimed by that individual was de minimis, non-compensable, or preliminary/postliminary; (4) Nomi is entitled to a credit, offset and/or setoff for amounts already paid by SBP or SB Port.

### (3) A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue:

Plaintiff, Elisabet Principe, does not have all of the time or pay records issued to her. Therefore, she estimates having worked for the Defendants from August of 2021 through August 25, 2022. Based on an estimate of working 60 hours per week for 52 weeks, Ms. Principe estimates that she is owed $23,400.00 in unpaid overtime wages, plus an equal amount as liquidated damages, plus her attorney's fees and costs.

Opt-In Plaintiff, Erlande Jean, does not have all of the time or pay records issued to her. Therefore, she estimates having worked for the Defendants from June of 2021 through September, 2022. Based on an estimate of working 60 hours per week for 65 weeks, Ms. Jean estimates that she is owed $29,250.00 in unpaid overtime wages, plus an equal amount as liquidated damages, plus her attorney's fees and costs.

Plaintiff estimates that others similarly situated will seek and continue to join this lawsuit. She is unable to estimate the value of their claims at this time. Plaintiff and the Opt-In Plaintiffs reserve the right to revise the estimated overtime owed after receiving the time and pay records.

Nomi estimates that Plaintiff and the current opt-ins are entitled to no damages or other relief from Nomi. The identity of future opt-ins is presently unknown.

### (4) The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance.

See section (E) above.

Dated this 5th day of December 2023.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff(s)*

s/Andrew M. McKinley, Esq.
Andrew M. McKinley, Esq. (122069)
amckinley@seyfarth.com
SEYFARTH SHAW, LLP
1075 Peachtree St., NE, Ste. 2500
Atlanta, GA 30309
Tel: 404.704.9665
*Counsel for Defendant Nomi Health, Inc.*

s/Fabian Ruiz, Esq.
Marlene Quintana, B.C.S. (88358)
marlene.quintana@gray-robinson.com
Fabian Ruiz, Esq. (117928)
Fabian.ruiz@gray-robinson.com
GRAY ROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida. 33131
Tel: 305.416.6880
*Counsel for Defendants, SBP, SB Port and Trixie Belo-Osagie*