**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-cv-23763-JEM**

ELISABET PRINCIPE,
For Herself and Others Similarly Situated

        Plaintiff,

v.

NOMI HEALTH, INC., SBP STAFFING
AND RECRUITING LLC, SB PORT
VENTURES LLC and TRIXIE BELO-
OSAGIE,

        Defendants.
_____/

## DEFENDANT TRIXIE BELO-OSAGIE'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED (COLLECTIVE ACTION) COMPLAINT

Defendant, Trixie Belo-Osagie ("Defendant Belo-Osagie"), by and through her undersigned counsel, hereby files her Answer and Defenses to Plaintiff, Elisabet Principe's ("Plaintiff") Amended (Collective Action) Complaint, and state as follows:

### RESPONSE TO "OVERVIEW"

1. Defendant Belo-Osagie admits only that Plaintiff purports to bring her Amended Complaint on behalf of herself and other similarly situated individuals, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant Belo-Osagie. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

2. Defendant Belo-Osagie admits only that Plaintiff purports to assert four (4) claims on her behalf and on behalf of other similarly situated individuals, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief

from Defendant Belo-Osagie.  Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

3. Defendant Belo-Osagie admits only that Plaintiff purports to bring an FLSA overtime claim as a proposed "opt-in" collective action, and seeks to receive unpaid overtime wages (half-time), liquidated damages, declaratory relief, and reasonable attorneys' fees and costs on behalf of herself and all other similarly situated persons who she claims worked for Defendant Belo-Osagie within the three years before the filing of this action, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant Belo-Osagie. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

4. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

## RESPONSE TO "PARTIES"

5. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations that Plaintiff, and the others Plaintiff alleges are similarly situated to her, are and were *sui juris* resident of Miami-Dade and Broward County, Florida, and therefore denies the same. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

6. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff is currently a Registered Nurse, and therefore denies the same.  Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

7. Denied.

8. Denied.

9. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

10. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

11. The allegations in this Paragraph do not appear to require a response from Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

12. The allegations in this Paragraph do not appear to require a response from Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

13. Denied.

14. Defendant Belo-Osagie neither admits nor denies the allegations that Defendants were Plaintiff's "employers, joint employers, and co-employers," as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

15. Defendant Belo-Osagie neither admits nor denies the allegation that Defendants were the "employers" of the other alleged similarly situated employees, as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

16. Denied.

17. Denied.

18. Denied.

19.     Defendant Belo-Osagie admits only that, to the extent Plaintiff performed any work for Defendants SBP or SB Port, they each individually paid Plaintiff for any such work. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

20.     Denied.

21.     Denied.

22.     Defendant Belo-Osagie neither admits nor denies the allegation that Defendants jointly employed Plaintiff within the meaning of 29 C.F.R §791.2, as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

## **RESPONSE TO "JURISDICTION AND VENUE"**

23.     Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

24.     Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

25.     Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

26.     Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

27. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

28. Defendant Belo-Osagie neither admits nor denies the allegation that venue is proper with this Court, as it calls for a legal conclusion to which no response is required. To the extent a response a required, Defendant Belo-Osagie admits only that the U.S. District Court for the Southern District of Florida, Miami Division is the proper venue for Plaintiff's claims. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

29. Defendant Belo-Osagie neither admits nor denies the allegation that this Court has original jurisdiction over Plaintiff's federal question claim under 28 U.S.C. §1331 and 26 U.S.C. §201, et seq., as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie admits that this Court has original jurisdiction over Plaintiff's federal question claims. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

## RESPONSE TO "FACTUAL ALLEGATIONS"

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## RESPONSE TO "COLLECTIVE ACTION ALLEGATIONS"

35. Denied.

36. Defendant Belo-Osagie avers that the FLSA is a law, which speaks for itself. Defendant Belo-Osagie denies any characterization of the FLSA contained in this Paragraph, and denies the remaining allegations contained in this Paragraph.

37. Defendant Belo-Osagie admits only that Plaintiff purports to bring her Amended Complaint on behalf of herself and other similarly situated individuals, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant Belo-Osagie. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

38. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

39. Defendant Belo-Osagie admit only that Plaintiff purports to bring her Amended Complaint on behalf of herself and other similarly situated individuals, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant Belo-Osagie. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## RESPONSE TO "LIABILITY ALLEGATIONS"

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

### **RESPONSE TO "COUNT I- FLSA OVERTIME VIOLATION (AGAINST NOMI HEALTH, INC.)"**

Defendant Belo-Osagie re-allege and incorporate by reference her responses to all of the preceding paragraphs as if fully set forth herein.

53. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

54. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

55. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

56. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

57. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

### RESPONSE TO "COUNT II- FLSA OVERTIME VIOLATION (AGAINST SBP STAFFING AND RECRUITING LLC)"

Defendant Belo-Osagie re-allege and incorporate by reference her responses to Paragraphs 1 through 52 as if fully set forth herein.

58. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

59. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

60. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

61. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

62. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

### RESPONSE TO "COUNT III- FLSA OVERTIME VIOLATION (AGAINST SB PORT VENTURES LLC)"

Defendant Belo-Osagie re-allege and incorporate by reference her responses to Paragraphs 1 through 52 as if fully set forth herein.

63. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

64. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

65. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

66. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

67. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

### RESPONSE TO "COUNT IV- FLSA OVERTIME VIOLATION (AGAINST TRIXIE BELO-OSAGIE)"

Defendant Belo-Osagie re-allege and incorporate by reference her responses to Paragraphs 1 through 52 as if fully set forth herein.

68. Denied.

69. Denied.

70.     The allegations in this Paragraph should be stricken from Plaintiff's Amended Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

71.     Denied.

72.     Denied.

## RESPONSE TO "PRAYER FOR RELIEF (ALL COUNTS)"

Defendant Belo-Osagie does not believe that a response is required for the unnumbered "WHEREFORE" paragraph, or subparagraphs (a) through (k), following Paragraph 72. However, to the extent a response is required, Defendant Belo-Osagie denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant Belo-Osagie.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Defendant Belo-Osagie does not believe that the unnumbered demand for a jury trial requires a response, but admits that Plaintiff demands a jury trial on all issues so triable in Plaintiff's Amended Complaint. However, Defendant Belo-Osagie denies any liability or wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant Belo-Osagie specifically denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Amended Complaint that she has not specifically admitted to in this pleading. Below, Defendant Belo-Osagie asserts defenses to which she does not concede that she bears either a burden of proof or persuasion, and state as follows:

## STATEMENT OF DEFENSES
### FIRST DEFENSE

Plaintiff's claims may, in whole or in part, be barred by the applicable Statute of Limitations.

### SECOND DEFENSE

Plaintiff's claims for lost wages and other employment benefits must be reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Plaintiff's damages, if any, have been paid in whole or in part by collateral sources, which eliminate or reduce the damages that can be recovered from Defendant Belo-Osagie.

### THIRD DEFENSE

Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that which is permissible under Federal law, and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

### FOURTH DEFENSE

Plaintiff's claims are be barred by the doctrines of estoppel, waiver, unclean hands and/or laches. Plaintiff failed to provide any notice to Defendant Belo-Osagie regarding her belief that she violated the FLSA during her engagement and is therefore estopped from asserting a position contrary to that in this case.

### FIFTH DEFENSE

Plaintiff was at all times material hereto properly paid all of her legally-entitled wages.

**SIXTH DEFENSE**

To the extent that Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or are barred based on Defendant Belo-Osagie's good faith efforts to comply with the law.

**SEVENTH DEFENSE**

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

**EIGHTH DEFENSE**

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant Belo-Osagie was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or the relevant state departments of labor or their equivalent agencies.

**NINTH DEFENSE**

Any claim for liquidated damages under the FLSA, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant Belo-Osagie was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

**TENTH DEFENSE**

If the facts reveal that Plaintiff was engaged in efforts to alter her own time or pay records, or in any other way violated the established policies of Defendant Belo-Osagie with regard to employment practices, Plaintiff should be estopped from recovering on her claim.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for time other than compensable working time.

**TWELFTH DEFENSE**

Plaintiff's claim is barred, at least in part, for any work performed by Plaintiff getting to and from the actual place of performance of her job duties, and for any other activities preliminary and postliminary to her principle duties. Such claims are bared to the extent Plaintiff has included the same in her calculation of damages.

**THIRTEENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant Belo-Osagie, any recovery Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by any Defendant to Plaintiff and/or by the value of any amounts of compensation and benefits that Plaintiff would not have otherwise received.

**FOURTEENTH DEFENSE**

Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

**RESERVATION**

Defendant Belo-Osagie will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

Defendant Belo-Osagie is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, premises considered, Defendant Belo-Osagie prays that this Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Amended Complaint and any claim therein in its entirety with prejudice;

3. Ordering that judgment be entered in Defendant Belo-Osagie's favor;

4. Awarding Defendant Belo-Osagie her attorneys' fees against Plaintiff pursuant to law;

5. Awarding costs to Defendant Belo-Osagie; and

6. Awarding Defendant Belo-Osagie such other relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully submitted this 5th day of December, 2023.

                    Respectfully submitted,

                    **GRAYROBINSON, P.A.**

                    */s/ Fabian A. Ruiz*
                    Marlene Quintana, B.C.S.
                    Florida Bar No. 88358
                    marlene.quintana@gray-robinson.com
                    Fabian A. Ruiz
                    Florida Bar No. 117928
                    fabian.ruiz@gray-robinson.com
                    333 S.E. 2nd Avenue, Suite 3200
                    Miami, Florida 33131
                    Telephone: (305) 416-6880
                    Facsimile: (305) 416-6887
                    *Counsel for Defendants SBP Staffing and*
                    *Recruiting LLC and SB Port Ventures LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                By:   */s/ Fabian A. Ruiz*
                      *Counsel for Defendants SBP Staffing and*
                      *Recruiting LLC, SB Port Ventures LLC, and*
                      *Trixie Belo-Osagie*

#52309682 v1