UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23763-MARTINEZ

ELISABET PRINCIPE, for herself
and others similarly situated,

    Plaintiff,

vs.

NOMI HEALTH, INC., SBP STAFFING AND RECRUITING LLC, SB PORT VENTURES LLC, and TRIXIE BELO-OSAGIE,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs Elisabet Principe, Nohelany Burey, Iyelen Espinosa, Roseline Servius, and Erlande Jean (collectively, "Plaintiffs"), and Defendants Nomi Health, Inc., SB Port Ventures LLC, SBP Staffing and Recruiting LLC, and Trixie Belo-Osagie (collectively, "Defendants"), hereby file this Joint Motion to Approve Settlement and for Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Elisabet Principe filed an initial Complaint alleging that Defendants failed to pay her the overtime wages required by the Fair Labor Standards Act ("FLSA") for the hours she worked beyond 40 in a workweek. [ECF No. 1.] Plaintiff then filed an Amended Complaint for herself and others similarly situated to recover allegedly unpaid overtime wages under the FLSA. [ECF No. 14.] Thereafter, four others joined this case as Opt-In Plaintiffs. [ECF Nos. 15, 22, 23, 29.] The Parties exchanged time/pay records for Plaintiffs, served discovery requests, and Plaintiff engaged in preparations to file a Motion for Conditional Certification of a Collective Action.

Meanwhile, the parties had ongoing and protracted negotiations before they ultimately reached a settlement pursuant to which Plaintiff and each of the Opt-In Plaintiffs will receive more than the amounts estimated by them as owed for unpaid overtime wages (but less than their liquidated figure). The parties negotiated additional terms and embodied their agreement for resolution in a written "Settlement Agreement," which is appended hereto as Exhibit 1. The Parties respectfully request that the Court review and approve the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

The payments to Plaintiffs representing unliquidated and unliquidated damages, as well as the independent consideration for the non-wage provisions, are set forth in the Settlement Agreement. Plaintiffs' counsel will receive the attorney's fees and costs identified in the Settlement Agreement, which amount represents a compromise of the attorney's fees and costs incurred and that were negotiated separately from the amounts to be paid to Plaintiffs.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1) *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as all of the Parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would require all Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiffs could hope to recover in this action. The cost of litigation is likely to be exacerbated by the fact that Plaintiffs have sued multiple Defendants, which are represented by separate counsel, and that litigation involving whether and two what extent Plaintiff could pursue a collective action under 29 U.S.C. §216(b) would exaggerate the costs of and potentially expand this litigation. The proposed settlement minimizes such costs, preserving the Court's and each Party's resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve

this case. The Parties exchanged time and pay records, which they independently analyzed. Based on this analysis, and evaluating their respective positions and the costs associated with continued litigation, the Parties decided to resolve this matter.

### (4) *The Probability of Success on the Merits Supports Settlement.*

The parties disagree about the merits of Plaintiffs' claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Among the issues disputed are whether Plaintiffs were properly classified as independent contractors, whether Plaintiffs could establish that Nomi was their joint employer, and whether the Defendants are able to establish a good-faith defense to liquidated damages, and other matters. Accordingly, Plaintiffs' probability of success on the merits and the uncertainty that they would personally receive any amount—let alone an amount greater than what the settlement provides—further supports the validity, reasonableness, and fairness of the settlement at issue.

### (5) *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiffs' claims, the defenses thereto, and the length of time it would take for Plaintiffs to actually recover a final judgment against Defendants.

### (6) *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the Parties agree that the proposed settlement reached by the Parties and reflected in their written Settlement Agreement represents a fair and reasonable resolution of Plaintiffs' claim. Plaintiffs further submit that the attorney's fees to be paid under the agreement are fair, which Defendants do not contest. Plaintiffs' counsel compromised the attorney's fees incurred to resolve this case at this juncture.

**CONCLUSION**

Given that the settlement is fair and reasonable on its face, and that Plaintiffs' recovery was not adversely affected by the attorney's fees paid to counsel, Plaintiffs and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiffs' claims (and the action) with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action, on the terms set forth in the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 18th day of April 2024.

| | |
|---|---|
| */s/ Brian H. Pollock* | */s/ Fabian A. Ruiz* |
| Brian H. Pollock | Marlene Quintana, B.C.S. |
| Florida Bar No. 174742 | Florida Bar No. 88358 |
| brian@fairlawattorney.com | marlene.quintana@gray-robinson.com |
| **FAIRLAW FIRM** | Fabian A. Ruiz |
| 135 San Lorenzo Avenue Suite 770 | Florida Bar No. 117928 |
| Coral Gables, Florida 33146 Telephone: | fabian.ruiz@gray-robinson.com |
| (305) 230-4884 | **GRAYROBINSON, P.A.** |
| Fax: (305) 230-4844 | 333 S.E. 2nd Avenue, Suite 3200 |
| | Miami, Florida 33131 |
| *Counsel for Plaintiffs* | Telephone: (305) 416-6880 |
| | Facsimile: (305) 416-6887 |
| | |
| | *Counsel for Defendants SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagie* |
| | |
| | */s/ Andrew M. McKinley* |
| | Andrew M. McKinley |
| | Florida Bar No. 122069 |
| | amckinley@seyfarth.com |
| | 1075 Peachtree Street, NE Suite 2500 |
| | Atlanta, GA 30309-3962 |
| | Telephone: (404) 704-9665 |
| | Facsimile: (404) 892-7056 |
| | *Counsel for Defendant Nomi Health, Inc.* |